**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| David Brown,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.,<br><br>　　　　Defendant. | Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, David Brown ("David"), is a natural person who resided in Bloomingdale, Illinois, at all times relevant to this action.

2. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that maintained its principal place of business in San Diego, California, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, MCM collected consumer debts.

6. MCM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of MCM's revenue is debt collection.

8. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, MCM contacted David to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. David is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Since at least 2022, MCM has been calling David's cellular phone attempting to collect a debt from an unknown party.

13. On more than one occasion, David answered MCM's telephone calls and told MCM that MCM was calling the wrong party, to cease calling David's cellular telephone and to update their records as David was not the party MCM was attempting to reach.

14. Despite this, MCM has called, and continues to call David on his cellular telephone.

15. As a result of MCM's continuous telephone calls, David was forced to subscribe and download a robocall blocking application ("Application").

16. The Application that MCM constructively forced David to download is large in size and at all times utilizes meaningful portions of his cellular telephone's Random Access Memory.

17. As a result, because of the application that MCM constructively forced David to download, David's cellular telephone's utility has been diminished, his cellular telephone has become sluggish, and the productivity and social enjoyment David previously experienced from his cellular telephone has been negatively impacted.

18. But for MCM's telephone calls and violations of law, David would not have downloaded the Application.

19. Additionally, as a result of the stress MCM's repeated calls and collection attempts caused, David now suffers from anxiety which has physically manifested itself in hypertension and panic attacks.

20. As a result of this stress, David sought medical intervention and began medication to help moderate David's stress and mood.

21. But for MCM's telephone calls and violations of law, David would not have sought medical care relating to his stress and would not be on medication to help moderate David's stress and mood.

22. Over the years, it is alleged that MCM has harassed thousands of other consumers that also did not owe MCM any money.

23. MCM's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like David.

24. MCM unreasonably relied upon inaccurate information provided to MCM by one (1) or more original creditors for whom MCM was attempting to collect a debt when MCM called David's cellular telephone.

25. MCM's policies and procedures violate the FDCPA.

26. MCM's collection efforts, including, but not limited to its telephone calls, caused David emotional distress in the form of frustration, annoyance, aggravation and anxiety.

27. MCM's collection efforts also intruded upon David's privacy.

28. In addition, each time MCM placed a telephone call to David, MCM occupied David's telephone number such that David was unable to receive other phone calls at that telephone number while MCM was calling him.

29. MCM's telephone calls also forced David to lose time by having to tend to MCM's repeated unlawful calls.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 29 above as if fully set forth herein.

31. Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 29 above as if fully set forth herein.

33. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

34. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or

4

conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

35. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

36. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 29 above as if fully set forth herein.

38. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

39. Defendant's policies and procedures, as described, *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

5

40. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

41. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    *See* 15 U.S.C. §1692d.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

42. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 29 above as if fully set forth herein.

43. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
| Date: January 10, 2023 | By: /s/ Jeffrey S. Hyslip<br>Jeffrey S. Hyslip, Esq.<br>Hyslip Legal, LLC<br>207 S. Harrison Street, Suite A<br>Algonquin, IL 60102<br>Phone: 614-362-3322<br>Email: jeffrey@hysliplegal.com<br><br>*Attorney for Plaintiff* |